**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**UNITED STATES OF AMERICA :**

**v. :**

**Criminal No. RDB-14-0413**

**LATEEF FISHER :**
**Defendant**

**:**

**...o0o...**

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS TO SUPPRESS**

Now comes the United States of America by its attorneys, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Seema Mittal and Evan T. Shea, Assistant United States Attorneys, and responds in opposition to (1) the Defendant's Motion to Suppress evidence obtained from two cells phones seized on February 19, 2014, pursuant to two search warrants, respectively (Doc. 40); and (2) the Defendant's letter to the Court dated April 8, 2015, moving to suppress Judge Ellen L. Hollander's order authorizing the disclosure of real-time location information. (Doc. 41). The affidavit supporting the search warrant for the cell phones explained that the phones were found in a car along with 20 grams of heroin. Further, the government specifically requested, and Judge Hollander specifically authorized, the disclosure of the location information in addition to a wiretap, and the affidavits supporting those orders detailed the Defendant's use of his phone in connection with drug deals, including evidence of his possession of the phone during those drug deals. Because this evidence constitutes ample probable cause for both the warrants and the orders for the location information, these motions should be denied.

## I. BACKGROUND

The factual and procedural history of this case is more fully outlined in the government's consolidated response to the Defendant's previous pretrial motions. Doc. 36. An abbreviated summary of the facts relevant to the current motions are provided below, however.

On November 6, 2014, a federal grand jury returned a two count second superseding indictment in the above-captioned matter. Count One charged that from in or about April 2013, until in or about September 2014, the Defendant conspired with others to distribute and possess with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and 28 grams or more of a mixture of substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation 21 U.S.C. § 846. Count Two charged that on September 5, 2014, the Defendant possessed eight separate firearms in furtherance of the drug-trafficking conspiracy alleged in Count One.

### A. February 2014 Seizure of Two Cell Phones

The first motion (Doc. 40) relates to a warrant obtained to search two cell phones seized on February 19, 2014. On February 17, 2014, at the direction of law enforcement, a confidential informant placed a telephone call to the Defendant. Law enforcement listened to the call with the consent of the confidential informant. On the call, the confidential informant arranged to meet the Defendant on February 19, 2014, to purchase heroin from the Defendant.

On February 19, 2014, the confidential informant sent a text message to the Defendant, who responded that he would be bringing "dirt," which the confidential informant understood to mean heroin. During a series of calls between the confidential informant and the Defendant, the Defendant instructed the confidential informant to meet the Defendant at a store in Hagerstown, Maryland. Law enforcement established surveillance at the location of the meeting and observed

the Defendant in a 2007 Infiniti. The Defendant called the confidential informant and stated, "I just got into town" and asked how long the confidential informant would be.

Law enforcement then approached the vehicle and identified themselves as police officers. At that time, law enforcement had an active arrest warrant for the Defendant for an unrelated offense. Law enforcement observed the Defendant attempt to reach for the gear shift of the vehicle, at which time the officers attempted to prevent the Defendant from fleeing. Law enforcement removed the Defendant from the vehicle and placed him under arrest pursuant to the arrest warrant. While the officers were removing the Defendant from the vehicle, police recovered twenty five knotted plastic bags containing what was later determined to be 20 grams of heroin from the ground. The officers also recovered two cell phones from the driver's side floorboard of the car.

**B. <u>Title III Wiretap Order and Rule 41 Location Information Order</u>**

On July 10, 2014, U.S. District Judge Ellen L. Hollander issued an order that (a) authorized the interception of electronic and wire communications over the Defendant's phone for 30 days, and (b) authorized the disclosure of location information for 30 days pursuant to Federal Rule of Criminal Procedure 41. Doc. 36-7 through 36-10. On August 8, 2014, Judge Hollander issued an order (1) extending the period of intercept for the electronic and wire communications for an additional 30 days, and (2) authorizing the disclosure of location information for an additional 30 days pursuant to Rule 41. Doc. 36-11 through 36-14. Pursuant to those orders, federal agents intercepted a number of phone calls in which individuals called the Defendant and asked to purchase narcotics. Agents then subsequently conducted surveillance of the Defendant as he traveled to brief in-person meetings with individuals in public locations. Based on the amounts of drugs referenced in these calls and on the subsequent meetings between the Defendant and the individuals, agents concluded that the in-person

meetings were the consummation of the drug deals and have determined that the Defendant sold over 700 grams of heroin during these meetings.

## II. ARGUMENT

### A. The Motion to Suppress Evidence Obtained from the Search Warrants Should Be Denied.

The Defendant has moved to suppress all evidence obtained from two state search warrants authorizing the search of the two cell phones, respectively.[1] Specifically, the Defendant contends that the applications and affidavits supporting the search warrants lacked probable cause.[2] The Court should deny the motion because the search warrants were supported amply by probable cause and, even if they were not, the officers that executed them acted in good faith.

#### 1. The Warrants.

On March 5, 2014, the Honorable M. Kenneth Long of the Maryland State Circuit Court for Washington County issued two warrants authorizing the search of the two cell phones seized on February 19, 2014, respectively. Doc. 40-3 and 40-4. The affidavits supporting the warrants largely overlapped, and presented the following facts: On February 19, 2014, officers of the Washington County Narcotics Task Force and the DEA arrested the Defendant on an outstanding state warrant. Doc. 40-3 at 5 and 40-4 at 5. The Defendant was found driving a 2007 Infiniti, and was the sole individual in the car. During the arrest, the officers found nearly $1,000 in cash on the Defendant's person, two cell phones on the driver's side floorboard, and 25 individually

[1] The warrants were obtained before the federal investigation of Mr. Fisher began.

[2] As with his previous motions with respect to other search warrants obtained in this case, the Defendant did not request a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), or otherwise contend that false statements or material omissions were intentionally or recklessly made with respect to the warrants. Accordingly, the Court should presume all facts presented in the affidavit are valid. *United States v. Shorter*, 328 F.3d 167, 170 (4th Cir. 2003) ("[A]ffidavits supporting search warrants are presumed to be valid and . . . a criminal defendant may make a post hoc challenge to a facially sufficient affidavit only in very limited circumstances," citing *Franks v. Delaware*, 438 U.S. 154 (1978)).

packaged plastic bags containing over 20 grams of what a field tested indicated was heroin from underneath the driver's side of the car that the Defendant was driving. Doc. 40-3 at 6 and 40-4 at 6. With respect to the nexus between the drugs and the phone, the affiant explained that he knew "through his training, knowledge, and experience as a police officer that drug distributors utilize cellular telephones . . . to make it more difficult for law enforcement authorities to identify and/or intercept their conversations," and that he thus concluded that there was probable cause to believe that evidence of the Defendant's drug dealing would be found on the phones. Doc. 40-3 at 7 and 40-4 at 7.[3]

2. Applicable Law

The Supreme Court has described "probable cause" to search as a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). "Great deference is to be given a magistrate's assessment of the facts when making a determination of probable cause." *United States v. Williams*, 974 F.2d 480, 481 (4th Cir. 1992). While there must be some nexus between a defendant's criminal conduct and the location to be searched, that nexus "may be established by the nature of the item and the normal inferences of where one would likely keep such evidence." *United States v. Anderson*, 851 F.2d 727, 729 (4th Cir. 1988).

With respect to cell phones, many Courts have noted that such devices are tools of the drug trade. *See, e.g.*, *United States v. Young*, 609 F.3d 348, 355 (4th Cir. 2010) (crediting government expert testimony that "drug dealers frequently use different cell phones to make and receive calls from their supplier" in finding evidence sufficient to support the jury's verdict);

[3] To protect the identity of the confidential informant, the warrant affidavit did not include a discussion of the confidential informant or the conversations that the informant had with the Defendant leading up to his arrest. The evidence presented, however, was more than sufficient to establish probable cause.

*United States v. Hammett*, 555 Fed. Appx. 108, 110 (2d Cir. 2014) (summary order) (cell phones are "tools that drug dealers often possess"); *United States v. Slater*, 971 F.2d 626, 637 (10th Cir. 1992) (a cell phone is a "recognized tool of the trade in drug dealing"). Furthermore, this Court recently held that there was sufficient probable cause to search two phones when the phones were recovered from a car along with drugs. *See United States v. Herevia*, 2014 WL 4784321, at *8 (D. Md. 2014) (Bennett, J.) (citing *United States v. Eiland*, 2006 WL 516743, at *12 (D.D.C. 2006)).

In *Herevia*, during the course of an investigation into cocaine trafficking in Maryland, two defendants were stopped by police while departing Baltimore after meeting with a suspected cocaine supplier. *Id.* at *1-3. The officers seized 18 kilograms of cocaine that was found in a secret compartment in the car, along with $30,000 in cash and two cellular phones. *Id.* at *3. The Court concluded that that evidence, which was described in an affidavit supporting a search warrant obtained after the stop, was sufficient to support a finding of probable cause and the issuance of the warrant to search the phones. *Id*. at *8.

As detailed below, the affidavits supporting the two warrants provided ample probable cause to justify the issuance of the warrants under the caselaw cited above. Additionally, however, as a general matter, evidence obtained as a result of the execution of a search warrant that is not supported by probable cause need not be suppressed so long as the investigators acted in good faith. *United States v. Leon*, 468 U.S. 897, 922-23 (1984). Thus, because a Maryland Circuit judge issued warrants authorizing the search of the cell phones, even if the judge made a mistake with respect to the probable cause determination, which he did not, the search should not be suppressed because it plainly was reasonable for law enforcement officers to rely in good faith on the search warrants.

3. The Warrants for the Two Phones Were Amply Supported by Probable Cause.

The facts presented to the Circuit Judge Long mirror those in the *Herevia* case, and such fact have been held sufficient to support probable cause by other courts as well. The two phones were found along with 25 plastic bags containing 20 grams of heroin, which the affiant concluded was consistent with distribution rather than personal consumption. Doc. 40-3 at 6-7; Doc. 40-4 at 6-7. Consistent with the caselaw above that recognizes cell phones as tools of the drug trade, the affidavit supporting the warrants stated that drug distributors "utilize cellular telephones . . . to make it more difficult for law enforcement authorities to identify and/or intercept their communications." Doc. 40-3 at 7; Doc. 40-4 at 7. This provided the judge more than sufficient probable cause to issue the warrant. Even if the probable cause was deficient – it was not – the officers acted in good faith in obtaining the warrant and relying on it.

**B. The Motion to Suppress GPS Location Information Should Be Denied.**

The Defendant has also moved to suppress GPS location information obtained from a federal order authorizing the disclosure of location information from the Defendant's cellphone. Doc. 41. Specifically, the Defendant contends that while Judge Hollander made an inquiry to determine whether there was sufficient probable cause to authorize the Title III interceptions of wire and electronic communications on the Defendant's phone, Judge Hollander did not make a separate inquiry to determine whether probable cause also supported the authorization of the disclosure of GPS location information. The Defendant is incorrect.

Here, as is common in this district and in other districts across the country, the Government requested in the same application an order authorizing a Title III wiretap and an order authorizing the collection of real-time GPS location information. The Defendant does not – and could not – argue that a request for a wiretap order and a request for a traditional warrant cannot be included in the same application. The Fourth Amendment does not prohibit such a

request. *See United States v. Barajas*, 710 F.3d 1102, 1109 (10th Cir. 2013) ("As an initial matter, we agree with the district court that nothing in the Fourth Amendment prevents us from considering whether certain facts in the affidavit support probable cause for the GPS data *in addition* to the wiretaps. Warrants frequently authorize a search of more than one place, and one set of facts may provide probable cause for both searches.") (emphasis in original).

Rather, the Defendant's contention is that Judge Hollander, in reviewing the affidavits for probable cause to support orders authorizing a Title III wiretap, did not make a separate inquiry to determine whether the affidavit also had probable cause to support orders authorizing the collection of GPS location information under Rule 41. This contention is simply incorrect. In addition to requesting authorization for wiretap interceptions, the applications specifically requested authorization to collect GPS location information:

> IT IS FURTHER REQUESTED, pursuant to Federal Rule of Criminal Procedure 41, that the Court issue an Order authorizing agents of the Agencies to ascertain the physical location of the Target Telephone #1, including but not limited to data indicating the specific latitude and longitude of (or other precise location information concerning) Target Telephone #1 (the "Requested Location Information"), during the authorized period of interception. As explained in more detail in Exhibit B [the affidavit in support], there is probable cause to believe that the location of the Target Telephone 1 during that period will constitute evidence of the Subject Offenses.

Doc. 36-7 at 9; Doc. 36-11 at 9. The applications very clearly requested authorization to collect GPS location information and specifically noted that the probable cause supporting such an order was contained in the affidavits in support of the applications.

In the affidavits in support of the orders for both the wiretap interceptions and location information, the affiant clearly stated (1) there was probable cause to support the wiretap interceptions, *see* Doc. 36-10 ¶ 4 and Doc. 36-14 ¶ 4; and (2) that "[p]robable cause also exists to believe that information about the location of Target Telephone #1 will yield evidence of the Subject Offenses." *See* Doc. 36-10 ¶ 5 and Doc. 36-14 ¶ 5. Each of the affidavits in support of

the applications was over 50 pages long and included an exhaustive probable cause explanation. The affidavits detailed numerous controlled buys from the Defendant and explained how the controlled buys, surveillance, and other investigative techniques revealed that the Defendant carried his telephone with him and used it to arrange for the distribution of controlled substances and while distributing controlled substances. For example, the affidavit explained that on February 19, 2014, the Defendant sent text messages to the confidential informant with whom he was arranging a meeting to sell drugs. Doc. 36-10 ¶ 49. Those text messages indicated that the Defendant was on the way to the meeting. *Id*. These text messages established that the Defendant was carrying his cell phone to what he believed would be a drug deal.

The orders signed by Judge Hollander specifically authorized that,

> [P]ursuant to Rule 41 of the Federal Rules of Criminal Procedure, "the agents of the agencies are authorized to ascertain the physical location of the Target Telephone #1, including but not limited to data indicating the specific latitude and longitude of (or other precise location information) concerning Target Telephone #1 (the "Requested Location Information") during the authorized period of interception.

Doc. 36-9 at p. 5; Doc. 36-12 at p. 5. Thus, it is clear that when Judge Hollander signed the orders, she specifically considered the Government's request for GPS location information and reviewed the affidavits that were specifically referenced in the requests to determine whether probable cause supported the collection of the requested location information.

Further, despite the Defendant's contention, the orders do not amount to general, overbroad warrants/orders that do not describe the place to be searched with particularity. As an initial matter, the Supreme Court has made clear that the particularity requirement does not preclude the use of warrants where the purpose of the search is to discover the location of the place to be searched (for example, a stash house). In *United States v. Karo*, 468 U.S. 705 (1984),

the Supreme Court held that a warrant for a tracking device could satisfy the Fourth Amendment despite the fact that the purpose of the warrant was to determine the place to be searched:

> The Government contends that it would be impossible to describe the "place" to be searched, because the location of the place is precisely what is sought to be discovered through the search. . . . However true that may be, it will still be possible to describe the object into which the beeper is to be placed, the circumstances that led agents to wish to install the beeper, and the length of time for which beeper surveillance is requested. In our view, this information will suffice to permit issuance of a warrant authorizing beeper installation and surveillance.

*Id*. at 718. Here, the orders do satisfy these requirements. The orders state that there is probable cause to obtain location information from a particular phone:

> [T]he cellular telephone assigned call number 240-469-9448, bearing electronic serial number ("ESN") 256691484903674981, utilized by Lateef FISHER, having service supplied by Sprint/BoostMobile, subscribed Shaun Black, P.O. Box 54988, Irvine, CA 92619.

Doc. 36-9 at 1; Doc. 36-12 at 1. The order further authorized the disclosure of location information for only 30 days – fifteen days less than what is permitted under Rule 41. Fed. R. Crim. Pro. 41(e)(2)(C) ("The time must not exceed 45 days from the date the warrant was issued."). And the orders, which again are supported by the affidavits, specifically authorized disclosure at any time of day or night during those 30 authorized days. *See* Doc. 36-9 at 6; Doc. 36-12 at 6. Therefore, the particularity requirement was met in this case.

Therefore, the Court should deny the motion to suppress the GPS location information as the orders were amply supported by probable cause. Further, even if they were not, the officers that executed them acted in good faith. *Leon*, 468 U.S. at 926; *Barajas*, 710 F.3d at 1110-11 (relying on *Leon* in rejecting the suppression of location information).

## III. CONCLUSION

For the reasons laid out above, the government respectfully requests that the Court deny the Defendant's Motions to Suppress.

Respectfully submitted,

ROD J. ROSENSTEIN
United States Attorney

By: ________/s/____________
Evan T. Shea
Seema Mittal
Assistant United States Attorneys
36 S. Charles St., 4th Fl.
Baltimore, Maryland 21201

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of April, 2015, a copy of the foregoing Government's Response to Defendant's Motions to Suppress was electronically filed with notice to all counsel of record:

__________/s/_____________________
Evan T. Shea
Assistant United States Attorney